UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., | Case No. 2:15-CV-01985 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HIGH GEAR SPECIALTIES INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff National Products, Inc. ("NPI") brings this action against Defendant High Gear Specialties Inc. ("Defendant" or "HGS") for an injunction, damages, and other appropriate relief to stop Defendant from violating NPI's patent rights. NPI states and alleges as follows:

**THE PARTIES**

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington 98108.

2. NPI is a market leader in the design, manufacture, and sale of innovative mounting systems, including mounts for tablets, cellular phones, and other portable devices, which are used, for example, in cars, trucks, bikes, planes, boats and motorcycles.

3. Upon information and belief, Defendant HGS is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 1123 Crown Park Circle, Winter Garden, Florida 34787.

COMPLAINT - 1 -
Case No. 2:15-CV-01985

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

4. Upon information and belief, HGS is a manufacturer and distributor of mounting systems for consumer electronics. HGS advertises, markets, and sells its products, including the products that are the subject of the patent infringement alleged in this lawsuit, to the public throughout the United States, including within this judicial district.

## NATURE OF THE ACTION

5. This is a civil action for infringement of United States Patent No. 6,585,212 ("the '212 patent") under the patent laws of the United States, including, without limitation, 35 U.S.C. § 1 et seq.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over HGS because, among other things, HGS has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to NPI. HGS sells and offers to sell its infringing products directly through its website to the public throughout the United States, including this judicial district. HGS also sells and offers to sell its infringing products directly through Amazon.com, an online retailer with headquarters in this judicial district, throughout the United States, including this judicial district. Upon information and belief, HGS has contracted or otherwise formed agreements with Amazon.com to receive services related to its selling and offering to sell its infringing products, including storage, shipping, and customer service through Amazon.com's facilities and services.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## THE '212 PATENT

9. On July 1, 2003, U.S. Patent No. 6,585,212 ("the '212 patent"), entitled "Quick Release Electronics Platform," was duly and legally issued to Jeffrey D. Carnevali. The '212 patent is generally directed towards a mounting platform for an accessory device, such as, for example, a cellular phone, phablet, tablet, laptop, radar detector, handheld device, or the like.

COMPLAINT - 2 -
Case No. 2:15-CV-01985

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

10. NPI is the owner, by assignment, of all right, title, and interest in the '212 patent, including the rights to exclude others and to sue and recover damages for infringement.

11. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '212 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by fixing the word "patented" together with the address of NPI's website, which is accessible to the public without charge and which associates the patented article with the '212 patent in the "Patent and Trademarks" page of NPI's website, on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of the '212 patent.

12. A true and correct copy of the '212 patent is attached as Exhibit A.

## COUNT I
### (Patent Infringement of United States Patent No. 6,585,212)

13. NPI realleges and reincorporates the allegations in paragraphs 1-12 above.

14. HGS has directly infringed and continues to directly infringe at least claim 27 of the '212 patent by making, using, offering to sell, and selling within the United States and/or importing into the United States products that infringe the '212 patent, including all products that incorporate the TechGripper, including without limitation, 4-10105TGRIP, 4-30912CTGRIP, 4-30912TGRIP, 4-31001TGRIP, and 4-TGRIP, (collectively, "TechGripper Products").

15. Visual inspection of a TechGripper Product demonstrates that it literally infringes each and every element of claim 27. For example, HGS's website depicts the TechGripper as comprising the mounting platform of claim 27:



http://www.techmounts.com/products/index.php?page_function=detail&product_id=317.

16. As a direct and proximate consequence of HGS's infringement of the '212 patent, NPI has suffered irreparable harm, and NPI will continue to suffer irreparable harm in the future unless HGS is enjoined from infringing the '212 patent.

17. Upon information and belief, the continued infringement by HGS of the '212 patent is willful.

## **Prayer For Relief**

WHEREFORE, NPI prays for the following relief:

a. A judgment that HGS has infringed the '212 patent;

b. An order preliminarily and permanently enjoining and restraining HGS, its officers, directors, agents, servants, employees, licensees, attorneys, and all other persons acting under or through it, directly or indirectly, from infringing the '212 patent;

c. A judgment and order requiring that HGS pay damages under 35 U.S.C. § 284, with prejudgment interest;

d. A judgment and order directing HGS to pay the costs of this action, including all disbursements and attorney fees as provided by 35 U.S.C. § 285, with prejudgment interest;

COMPLAINT - 4 -
Case No. 2:15-CV-01985

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

e. Such other and further relief as the Court may deem just and equitable.

**Demand For Jury Trial**

NPI hereby demands a trial by jury of all issues so triable.

          NATIONAL PRODUCTS, INC.

          By its attorneys,

Dated: December 17, 2015    FENWICK & WEST LLP

By: s/*David K. Tellekson*
    David K. Tellekson (WSBA No. 33523)
    1191 Second Avenue, 10th Floor
    Seattle, WA 98101
    Telephone: 206.389.4510
    Facsimile: 206.389.4511
    Email: dtellekson@fenwick.com

*Attorneys for Plaintiff
National Products, Inc.*

COMPLAINT
Case No. 2:15-CV-01985
- 5 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511